IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| NEHEMIAH RIMMER, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 2:24-cv-02745-TLP-atc |
| v. ) | |
| ) | |
| WARDEN VINCE VANTELL, ) | |
| ) | |
| Respondent. ) | |

**ORDER DISMISSING § 2254 PETITION WITHOUT PREJUDICE,
DENYING A CERTIFICATE OF APPEALABILITY, CERTIFYING THAT AN APPEAL
WOULD NOT BE TAKEN IN GOOD FAITH, AND DENYING LEAVE TO PROCEED
IN FORMA PAUPERIS ON APPEAL**

Nehemiah Rimmer petitions here under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. (ECF No. 2.) The Court respectfully directs the Clerk to record Respondent as Warden Allen Beard, Jr.[1] Because Rimmer is presently challenging his conviction in state post-conviction proceedings, the Court **DISMISSES** the § 2254 Petition **WITHOUT PREJUDICE**.

**THE PETITION**

Petitioner alleges no grounds for habeas relief here. (ECF No. 2 at PageID 5–12.) He alleges that his conviction for rape of a child was affirmed before the Tennessee Court of

---

[1] The proper Respondent to the habeas petition is Petitioner's custodian, Allen Beard, Jr., the warden of the Trousdale Turner Correctional Center. *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004). The Court respectfully directs the Clerk to terminate all references to Vince Vantell as Respondent. *See Trousdale Turner Correctional Center*, Tennessee Department of Corrections, https://www.tn.gov/correction/state-prisons/state-prison-list/trousdale-turner-correctional-center.html (last accessed Dec. 17, 2025).

Criminal Appeals and that he was denied permission to appeal to the Tennessee Supreme Court. (*Id.* at PageID 1–2.) Petitioner states that "I have not had a hearing on my petition." (*Id.* at PageID 6.) He claims that he has no petition or appeal pending. (*Id.* at PageID 12.)

The Shelby County Criminal Justice System Portal indicates that Petitioner has a pending petition for post-conviction relief with a hearing scheduled for January 15, 2026. *See Shelby County Criminal Justice Portal*, Shelby County, https://cjs.shelbycountytn.gov/CJS/Home/ (last accessed Dec. 17, 2025) (Case No. 15 05452-15641721).

## ANALYSIS

A federal court cannot decide a § 2254 petition until the petitioner exhausts the remedies available in state court. *See* 28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509, 518–19 (1982). Petitioner must conclude all state-court proceedings on this conviction before the Court may issue a decision here because Petitioner may bring only one § 2254 petition challenging his conviction. Petitioner has not met his burden to show exhaustion where he has a state post-conviction petition pending and other available state court remedies. *See Coleman v. Gidley*, No. 17-1130, 2017 WL 7370569, at *1 (6th Cir. Sept. 5, 2017).

A possible approach here is to issue a stay, in effect pausing this petition until Petitioner exhausts his state proceedings. But the Supreme Court made clear that issuing a stay is appropriate only in limited circumstances. "Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts [before filing his federal habeas petition], stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). Rimmer has not shown good cause for a stay of the federal proceedings.

The § 2254 Petition is therefore **DISMISSED WITHOUT PREJUDICE** to Petitioner's right to petition anew after he concludes his state-court proceedings. Judgment will be entered for Respondent.

## APPELLATE ISSUES

A petitioner has no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller-El v. Cockrell*, 537 U.S. 322, 335 (2003). The Court has to issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. *See* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. A petitioner may not appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A court may issue a COA only if the petitioner has made a substantial showing of the denial of a constitutional right, and the COA must reveal the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2)–(3). A petitioner makes a "substantial showing" when he shows that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotations omitted); *Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (holding a prisoner must show that reasonable jurists could disagree with the district court's resolution of his constitutional claims or that the issues presented warrant encouragement to proceed).

The petitioner also does not have to show that the appeal will succeed. *Miller-El*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011) (same). Even so, courts should not issue a COA routinely. *Bradley v. Birkett*, 156 F. App'x 771, 773 (6th Cir. 2005) (quoting *Miller-El*, 537 U.S. at 337).

3

Here, there can be no question that Petitioner's claims are premature. Because any appeal by Petitioner on the issues raised in this petition does not deserve attention, the Court **DENIES** a certificate of appealability.

And for the same reasons the Court denies a certificate of appealability here and that any appeal would not be taken in good faith. The Court therefore **CERTIFIES** under Federal Rule of Appellate Procedure 24(a), that any appeal here would not be taken in good faith, and the Court **DENIES** leave to appeal in forma pauperis.[2]

**SO ORDERED**, this 29th day of December, 2025.

                                                s/Thomas L. Parker
                                                THOMAS L. PARKER
                                                UNITED STATES DISTRICT JUDGE

---

[2] If Petitioner files a notice of appeal, he must pay the full $605 appellate filing fee or move to proceed in forma pauperis with a supporting affidavit in the Sixth Circuit within 30 days of the entry of this order. *See* Fed. R. App. P. 24(a)(5).